## EMERY *versus* ESTES.

In a suit upon a promissory note, if the defence be that the consideration was illegal, the burden of proof is on the defendant.

In a suit upon such a note, given in part for spirituous liquors sold, if the defence be that the sale was illegal, the burden of proof is on the defendant.

In charging the jury, it is within the province of the Judge to arrange and comment upon the evidence, even though the arrangement and comment may have the appearance of an argument.

When a jury returns into court without permission, the Judge's direction that they withdraw to their room, is not a sending them out, within the meaning of the statute, which prohibits the jury to be sent out a third time.

WELLS, J. presided at the trial of this case. It was assumpsit on a note given to one Pray, payable to him or bearer. General issue, with statute of limitations, was pleaded. Testimony was introduced by both parties on the question, whether the note was given in 1842 or 1843. It was given for the balance of an account, in which the plaintiff had charged, among other things, for spirituous liquor, sold at different times. The defendant requested the Judge to instruct the jury, that those charges for liquor, being included in the note,

rendered the note wholly void. The Judge refused to do so, but instructed that those charges had no effect on the note. The jury, by leave of the court, came in, without having agreed upon a verdict; and stated that they found it difficult to reconcile the testimony of two of the witnesses. The Judge told them it was a case in which they ought to agree ; that, as the facts to which the witnesses testified, occurred at different times, they might exist consistently with each other; that there was not necessarily any conflict in the testimony ; and that it was their duty to reconcile the testimony, if they could. After again retiring to their room, they came into court, without permission, not having agreed. The Judge thereupon urged the importance of their agreeing. The defendant's counsel objected to the sending out of the jury the third time. But, as they had come in without permission, they were directed again to retire. Their verdict was for the plaintiff, and the defendant excepted to the instructions and doings of the Judge.

*Appleton* and *Kimball*, for defendant.

The instructions requested should have been given.

The note given on settlement of the account, which contained charges for spirituous liquors sold without license, was void.

When a *part* of a note is illegal, the whole is void. Stat. 1834, chap. 141, § 1 ; Rev. Stat. chap. 36, § 17 ; *Deering* v. *Chapman*, 22 Maine, 488 ; *Cobb* v. *Billings*, 23 Maine, 470 ; Cro. Eliz. 2 Kent's Com. 467 ; *Bliss* v. *Negus*, 8 Mass. 51 ; *Greenough* v. *Balch*, 7 Greenl. 461 ; *Maybea* v. *Coulon*, 4 Dall. 298 ; 6 N. H. 225.

The burden of proof was upon the plaintiff to show that Pray was licensed, when he sold the liquors.

The sending out of the jury a third time, was against law. Rev. Stat. chap. 115, § 67.

The fact that the jury came into court, without the consent of the Judge, can make no difference, for the statute no where requires that consent.

They have that right, and the statute seems to recognize it.

The ancient strictness and severity towards jurors, in *compelling* them to agree, has long since been done away. It would not be consistent with the genius of our government or laws, to use *compulsory* means to effect an agreement among jurors. *Com.* v. *Bowden*, 9 Mass. 494.

It was the object of the statute to protect jurors from unnecessary severity, as well as to secure the rights of the parties. 1 Wash. 202.

In cases of misdemeanors and civil actions, the right to discharge a jury rested at common law on the sound discretion of the court. 1. Bouvier's, L. D. 465, ; 3 Story on Const. 17, § 1; 9 Wheaton, 579. This discretion is now limited by the statute.

The Judge expressed himself too strongly in saying there was necessarily no conflict in the testimony. *Lawrence* v. *McGregor*, 5 Ham. 309.

*Goodenow* and *Eastman*, for the plaintiff, were stopped by the court.

TENNEY, J. orally. — It is not necessary to inquire whether a note given in part for liquor sold in violation of law, would be void. For there was no proof that the liquors were illegally sold. Pray may have had licence to sell them. The burden was on the defendant to prove the sale illegal.

Did the Judge, in his observations, intrude upon the province of the jury ? The Judge may and must decide in matters of law, but not in matters of fact. He may arrange the evidence, and comment upon it, even though the arrangement and comment may have the appearance of an argument. Here he did no more than to decide the law, and comment upon the evidence.

It is entirely suitable that the Judge should impress the jury with the propriety of coming to an agreement.

The second return of the jury into court was unauthorized. Under such circumstances, a direction for them to retire was not a sending out within the meaning of the statute.

*Exceptions overruled.*